**FILED
SCRANTON**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SEP 1 8 2012

PER _____
DEPUTY CLERK

JOSEPH BREELAND,

    Plaintiff,

v.

SUP'T JOHN FISHER, et al.,

    Defendants.

Civil Action No. 3:12-CV-84

(Judge Kosik)

## ORDER

AND NOW, this day 18th of September, 2012, IT APPEARING TO THE COURT THAT:

(1) Plaintiff, Joseph Breeland, an inmate at the State Correctional Institution Forest ("SCI-Forest")[1], filed a *pro se* Complaint on January 13, 2012. (Doc. 1).

(2) After Defendants filed a motion to dismiss the complaint, or in the alternative, for a more definite statement (Doc. 34), Plaintiff responded by filing an Amended Complaint (Doc. 38).

(3) The Amended Complaint named three (3) defendants - Correctional Officers Anders and Vogt, and Nurse Mary - and alleged Eighth Amendment violations based upon alleged use of excessive force and deliberate indifference to serious medical needs arising out of an incident which allegedly occurred in September 2011 at the State Correctional Institution Smithfield ("SCI-Smithfield"). (Doc. 38).

(4) Following an April 24, 2012 Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 39), this Court issued an Order adopting the R&R, construing the Amended Complaint (Doc. 38) as the Complaint in this action, terminating the remaining Defendants not named in the Amended Complaint from the action, and remanding the case back to the Magistrate Judge for further proceedings. (Doc. 49).

---

[1] Plaintiff was a state prisoner housed in the State Correctional Institution Camp Hill ("SCI-Camp Hill"). He was transferred to SCI-Forest on August 3, 2012. (Doc. 67).

(5) While Plaintiff's lawsuit relates exclusively to the claims discussed above, Plaintiff filed four separate motions in this action, including motions for preliminary injunction (Docs. 43 and 46) and motions for relief from retaliation and for sanctions (Docs. 63 and 64), seeking extraordinary injunctive relief from prison officials at SCI-Camp Hill.

(6) Plaintiff alleges that he has had suicidal episodes while housed at SCI-Camp Hill, has been involved in physical encounters with the correctional staff who have been compelled to place him in psychiatric observation cells and in a restraint chair, has failed to receive medical treatment for various ailments, has had his law library access limited, and has been retaliated against by prison officials in various other unidentified ways. (Doc. 66, p. 2).

(7) Magistrate Judge Carlson issued a R&R on July 25, 2012, recommending that the four motions (Docs. 43, 46, 63, and 64) be denied without prejudice to later efforts by Plaintiff to file properly documented requests for injunctive relief. (Doc. 66).

(8) After the Magistrate Judge issued the R&R, but before Plaintiff's objections were due, Plaintiff informed the Court that he was transferred from SCI-Camp Hill to SCI-Forest. (Doc. 67).

(9) Plaintiff informed the Court of his transfer on August 3, 2012 and Plaintiff was afforded additional time to file objections.

(10) Plaintiff failed to file objections to the R&R.

AND IT FURTHER APPEARING THAT:

(11) If no objections are filed to a magistrate judge's report and recommendation, the plaintiff is not statutorily entitled to a de novo review of his claim. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

(12) We have reviewed the Report of the Magistrate Judge, and we agree with the Recommendation.

(13) The United States Court of Appeals for the Third Circuit has explained that four factors govern a district court's decision whether to issue a preliminary injunction. *Gerardi v. Pelullo,* 16 F.3d 1363, 1373 (3d Cir. 1994) (*quoting SI Handling Systems, Inc. V. Heisley,* 753 F.2d 1244, 1254 (3d Cir. 1985)). These factors are: "(1) whether the movant has shown a reasonable probability of success of the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." *Id.*

(14) The Magistrate Judge recommended the motions be denied because Plaintiff failed to meet the standards for preliminary injunction as governed by Rule 65 of the Federal Rules of Civil Procedure. (Doc. 66, p. 4-25). Specifically, the Magistrate Judge found that Plaintiff is not entitled to a preliminary injunction because he failed to show an entitlement to injunctive relief against non-parties, had not met the other procedural prerequisites for injunctive relief, did not show a likelihood of success on the merits, and did not show an entitlement to injunctive relief where the only potential irreparable harm disclosed by the pleadings is a harm that the Plaintiff may inflict upon himself, a harm that prison officials are actively working to prevent. (*Id.* at 11-24). The Magistrate Judge also found that other interests could be harmed by granting the request for preliminary injunction. (*Id.* at 24-25).

(15) Moreover, as we indicated earlier, Plaintiff was transferred out of SCI-Camp Hill, the institution that served as the basis for the preliminary injunction motions. (*See* Doc. 67). Therefore, Plaintiff's transfer from SCI-Camp Hill and his failure to claim that there is a reasonable likelihood that he will be returned to SCI-Camp Hill in the foreseeable future, render Plaintiff's motions moot. Plaintiff's transfer from SCI-Camp Hill, as evidenced by his change of address (Doc. 67) and by a search of the Pennsylvania DOC prison online database, demonstrates that Plaintiff is no longer subjected to the conduct he complains has violated his constitutional rights. *See Toney v. Bledsoe,* 427 Fed. Appx. 74 (3d Cir. 2011); *Kerce v.*

*Lappin,* 2011 WL 864470, *3 (M.D. Pa. 2011) ("As a general rule, an inmate's transfer to another prison, or his outright release from incarceration, moots a request for a declaratory judgment or injunctive relief.") (*citing Sutton v. Rasheed,* 323 F.3d 236, 248 (3d Cir. 2003)); *Tinsley v. Adams,* 248 Fed. Appx. 309 (3d Cir. 2007); *Abdule-Akbar v. Watson,* 4 F.3d 195, 197 (3d Cir. 1993).

(16) We will adopt the R&R and will dismiss Plaintiff's motions (Docs. 43, 46, 63, and 64). We will also remand this case back to Magistrate Judge Carlson for further proceedings consistent with this Order.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The July 25, 2012 Report and Recommendation (Doc. 66) of Magistrate Judge Carlson is ADOPTED;

(2) Plaintiff's motions (Docs. 43, 46, 63, and 64) are DENIED;

(3) The above-captioned action is REMANDED to the Magistrate Judge for further proceedings consistent with this Order.

Edwin M. Kosik
United States District Judge