# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH BREELAND, | : | Civil No. 3:12-CV-84 |
| | : | |
| Plaintiff | : | |
| | : | (Judge Kosik) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| | : | |
| SUP'T JOHN FISHER, et al., | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I.     Statement of Facts and of the Case

The Plaintiff, a state prisoner currently housed in the State Correctional Institution Camp Hill, who is proceeding *pro se*, first commenced this action by filing a complaint on January 13, 2012. (Doc. 1.) Breeland's complaint initially named ten defendants, in a multi-faceted pleading which was 100 pages in length and contained a series of broadly framed, and vaguely articulated claims. (Id.)

The Defendants filed a motion to dismiss this complaint, or in the alternative for a more definite statement, on April 2, 2012. (Docs. 34 and 35.) In response, Breeland tendered an amended complaint, (Doc. 38.),which more nearly fits Rule 8's ideal of a proper complaint; namely: "(1) a short and plain statement of the grounds

1

for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

This amended complaint names three Defendants–Correctional Officers Anders and Vogt, along with Nurse Mary–and articulates in 7 concise pages: (1) a claim of Eighth Amendment violations based upon the alleged use of excessive force and (2) deliberate indifference to serious medical needs arising out of a cell extraction incident which allegedly occurred in September, 2011. (Doc. 38.)

Breeland's decision to narrow his complaint in this fashion is an act which has legal significance since, as a matter of law, an amended complaint takes the place of any prior complaint, effectively invalidating the prior complaint. Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"); see 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended … supersedes the pleading it modifies…. Once an amended pleading is interposed, the original pleading no longer performs any function in the case….").

Since the complaint previously filed in this case has been amended by the filing of an amended complaint, the original complaint is now a legal nullity, and all further proceedings are now being conducted on the basis of this amended complaint.

The Defendants have now moved to dismiss this more narrowly focused amended complaint, (Doc. 56.), advancing a twofold argument. First, the Defendants contend that, to the extent Breeland seeks damages from prison officials in their official capacities, his claims should be dismissed. Second, the Defendants assert that Breeland's amended complaint, on its face, fails to state either an Eighth Amendment excessive force claim or an Eight Amendment deliberate indifference claim.

This motion has been fully briefed by the parties and is ripe for resolution. For the reasons set forth below, it is recommended that the Defendant's motion be granted, in part, and denied, in part. Specifically, it is recommended that any official capacity personal liability claims be dismissed, but we further recommend that disputed factual issues preclude judgment as matter of law in favor of the Defendants on Breeland's Eighth Aemndment claims.

## II. Discussion

### A. Motion to Dismiss– Standard of Review

Rule 12(b)(6) provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). With

respect to this benchmark standard for assessing the legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has recently described the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." <u>Associated Gen. Contractors of Cal. v. California State Council of</u>

Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); see also Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). Thus, the court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." Pension Benefit, 998 F.2d at 1196. In addition, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to

6

the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment."). However, a court may not rely on other parts of the record in rendering a decision on a motion to dismiss. Jordan, 20 F.3d at 1261.

### B. To the Extent Plaintiff Has Brought Claims Against the Defendants in their Official Capacity, Such Claims Should Be Dismissed

At the outset, the Defendants argue that any claims that Plaintiff has brought against them in their official capacities must be dismissed because they are barred by the Eleventh Amendment to the United States Constitution. As an initial matter, it is not entirely clear that Plaintiff has brought any claims against the Defendants in their official capacities. However, to the extent the complaint could be read to include official-capacity claims for alleged constitutional violations, such claims should be dismissed.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which provides in relevant part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C.A. § 1983. As the statute makes clear at the outset, therefore, a claim brought pursuant to § 1983 must be brought against a "person" acting "under color" of law. In cases of suits against state officials sued in their official capacities, the Supreme Court has held that such "official capacity" parties are not "persons" under § 1983. See Melo v. Hafer, 912 F.2d 628, 634 (3d Cir. 1990) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S. Ct. 2304, 2312 (1989)). As such, a party sued in his official capacity is not a person capable of being sued under § 1983. Id.

When a plaintiff sues a state actor in his individual or personal capacity, such a suit "seek[s] to impose personal liability upon a government official for actions he takes under color of state law." Kentucky v. Graham, 473 U.S. 159, 165 (1985). In contrast, a claim brought against a state actor in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Id. A suit brought against an individual state actor in his official capacity, therefore, is deemed to be a suit against the state. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "As such, it is no different from a suit against

the State itself." Id. (citing Kentucky v. Graham, 473 U.S. 165-66 (1985)). The Eleventh Amendment to the United States Constitution has been interpreted to bar suits for money damages by private parties in federal court against states or state agencies. See Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985); Melo v. Hafer, 912 F.2d 628, 635 (1990).

In sum, Plaintiff's claims against the Defendants in their individual capacities are actions against the individuals and not the state and, therefore, any claims brought against the Defendants in their personal or individual capacities are properly brought under § 1983. In contrast, to the extent Plaintiff is endeavoring to sue these Defendants solely in their "official capacity," such claims are not proper under § 1983, and are otherwise barred by the Eleventh Amendment and should be dismissed.

### C. Constitutional Standards Governing Eighth Amendment Claims

The Defendants also seek judgment in their favor on the pleadings with regard to Breeland's Eighth Amendment claims. In conducting this legal analysis we must also be mindful of the constitutional standards which govern Eighth Amendment claims generally since, in our assessment of the complaint, Breeland advances two different constitutional claims under the Eighth Amendment, asserting at various times that prison staff violated his Eighth Amendment rights by: (1) using excessive force against him; and (2) displaying deliberate indifference to his medical needs.

Each of these Eighth Amendment claims is, in turn, judged against settled legal principles, principles which set precise and exacting standards for asserting a constitutional infraction. All of the various claims, however, are governed by the same overarching and animating constitutional benchmarks, benchmarks which often focus on factors outside the pleadings, the subjective intent of the Defendants. As the United States Court of Appeals for the Third Circuit has observed:

> The Eighth Amendment protects against infliction of "cruel and unusual punishment." However, "not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). "After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Id. (citation and internal quotations omitted). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." Id.
>
> Resolution of an Eighth Amendment claim therefore "mandate[s] an inquiry into a prison official's state of mind." Wilson v. Seiter, 501 U.S. 294, 299, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Two considerations define that inquiry. We must first determine if the deprivation was sufficiently serious to fall within the Eighth Amendment's zone of protections. Id. at 298, 111 S.Ct. 2321. If not, our inquiry is at an end. However, if the deprivation is sufficiently serious, we must determine if the officials acted with a sufficiently culpable state of mind. Id. In other words, we must determine if they were motivated by a desire to inflict unnecessary and wanton pain. "What is necessary to establish an 'unnecessary and wanton infliction of pain ...' varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

Fuentes v. Wagner, 206 F.3d 335, 344-45 (3d Cir. 2000)

With these tenets in mind we turn to a consideration of the individual Eighth Amendment claims advanced here by Smith.

### 1. Excessive Force Claims

Eighth Amendment excessive force claims entail a showing of some subjective intent to injure. In an excessive force case, where "prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in Whitley[v. Albers, 475 U.S. 312 (1986)]: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

Since the keystone to analysis of an Eighth Amendment excessive force claim entails issues of motivation–whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm, Hudson v. McMillian, 503 U.S. 1, 6-7 (1992)–excessive force claims often turn on factual disputes which cannot be resolved as a matter of law. As the United States Court of Appeals for the Third Circuit has aptly observed:

> [T]he Eighth Amendment serves as the primary source of substantive protection in cases where an inmate challenges a prison official's use of force as excessive and unjustified. See Whitley v. Albers, 475 U.S. 312, 327, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). In an excessive force

> claim, the central question is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Summary judgment in favor of a defendant is not appropriate if "it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain." Whitley, 475 U.S. at 322, 106 S.Ct. 1078; see also Sampley v. Ruettgers, 704 F.2d 491, 495 (10th Cir.1983) (holding that wantonness exists when a prison guard intends to harm an inmate).

Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000).

Consistent with this fact-bound approach to litigation of these claims, there are several factual considerations that a court must examine in determining whether a correctional officer has used excessive force in violation of the Eighth Amendment, including: "(1) 'the need for the application of force'; (2) 'the relationship between the need and the amount of force that was used'; (3) 'the extent of injury inflicted'; (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them'; and (5) 'any efforts made to temper the severity of a forceful response.'" Id. at 106.

When considering such claims, the reasonableness of a particular use of force is often dependent upon factual context and must be "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham v. Connor, 490 U.S. 386, 396-7 (1989). Moreover, in the context of prison excessive force claims, in determining "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm,"

12

Hudson v. McMillian, 503 U.S. 1, 6-7 (1992), "even if we concede [that an inmate] has established at most that prison officials over-reacted to the disturbance that he caused. . . , any such over-reaction would still fall short of supporting a finding that prison officials acted 'maliciously and sadistically to cause harm.'" Fuentes v. Wagner, 206 F.3d 335, 346 (3d Cir. 2000).

### 2. **Eighth Amendment Deliberate Indifference Claims in a Prison Medical Context**

Prison officials may also violate an inmate's rights under the Eighth Amendment to the United States Constitution by displaying "deliberate indifference" to this inmate's medical needs. To sustain such a claim, an inmate must plead facts which:

> [M]eet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quotation marks and citations omitted). In prison conditions cases, "that state of mind is one of 'deliberate indifference' to inmate health or safety." Id. "Deliberate indifference" is a subjective standard under Farmer-the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety.

Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001).

Thus, "a sufficiently culpable state of mind" is often a key component to any Eighth Amendment deliberate indifference claim. These principles apply with particular force to Eighth Amendment claims premised upon inadequate medical care.

13

In the medical context, a constitutional violation under the Eighth Amendment occurs only when state officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105 (1976). To establish a violation of his constitutional right to adequate medical care in accordance with this standard, an inmate is required to point to evidence that demonstrates (1) a serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104. Such indifference may be evidenced by an intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury," White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

However, it is also clear that the mere misdiagnosis of a condition or medical need, or negligent treatment provided for a condition, is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67

(citations omitted). Furthermore, in a prison medical context, deliberate indifference is generally not found when some significant level of medical care has been offered to the inmate. Clark v. Doe, 2000 U.S. Dist. LEXIS 14999, 2000 WL 1522855, at *2 (E.D.Pa. Oct. 13, 2000)("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care"). Thus, such complaints fail as constitutional claims under § 1983 since "the exercise by a doctor of his professional judgment is never deliberate indifference. See, e.g., Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir.1990) ('[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights.')". Gindraw v. Dendler, 967 F.Supp. 833, 836 (E.D. Pa. 1997). Applying this exacting standard, courts have frequently rejected Eighth Amendment claims that are based upon the level of professional care that an inmate received; see, e.g., Ham v. Greer, 269 F. App'x 149 (3d Cir. 2008); James v. Dep't of Corrections, 230 F. App'x 195 (3d. Cir. 2007); Gillespie v. Hogan, 182 F. App'x 103 (3d Cir. 2006); Bronson v. White, No. 05-2150, 2007 WL 3033865 (M.D. Pa. Oct. 15, 2007); Gindraw v. Dendler, 967 F.Supp. 833 (E.D. Pa. 1997), particularly where it can be shown that significant medical services were provided to the inmate but the prisoner is dissatisfied with the outcome of these services. James, 230 F.App'x. at 197-198. (citations omitted).

### D. Disputed Factual Issues Preclude Judgment on the Pleadings With Respect to These Eighth Amendment Claims

Thus, with respect to both of the claims advanced in this lawsuit, the keystone Eighth Amendment constitutional inquiry into whether prison staff have been deliberately indifferent or have used excessive force frequently turns on matters outside the pleadings, such as the officers' subjective intent. Judged against these standards, we find that Breeland's amended complaint (Doc. 38.), adequately alleges Eighth Amendment excessive force and deliberate indifference claims arising out of this September 2011 incident. The well-pleaded facts in the complaint allege that Breeland was assaulted without provocation by staff while he was helpless and in restraints, alleging that he was shoved, hunched and kicked by staff, and suffered injuries including injuries to his genitals. Breeland further alleges that he was seen by medical staff, "Nurse Mary", shortly after this assault and that his requests for medical care and treatment were ignored.

At this stage of the proceedings, where our review is cabined and restricted to an assessment of the well-pleaded facts in this amended complaint, we find that these facts alleged by Breeland are sufficient to state a claim upon which relief can be granted under the Eighth Amendment. Whether Breeland can ultimately sustain these claims on summary judgment, or at trial, is not before us, and must await another proceeding and another time.

## III. Recommendation

Accordingly, for the foregoing reasons IT IS HEREBY RECOMMENDED THAT the Defendants' motion to dismiss (Doc. 56) be GRANTED in part and DENIED in part. It is recommended that the motion be granted insofar as it seeks the dismissal of any claims brought under 42 U.S.C. § 1983 against the Defendants in their official capacity.

It is FURTHER RECOMMENDED that the motion be denied in all other respects. To the extent Defendants wish to renew these arguments, Defendants should be directed to do so through a properly filed motion for summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure.

Finally, in light of these recommendations, IT IS RECOMMENDED that the Defendants' motion to dismiss the original complaint filed by Breeland, (Doc. 34.) and Breeland's motion for a ruling, (Doc. 70.) be dismissed as moot.

> The Parties are further placed on notice that pursuant to Local Rule 72.3:
> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 4th day of October 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge