FILED
SCRANTON
OCT 2 5 2012
PER _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH BREELAND,

    Plaintiff,

v.

SUP'T JOHN FISHER, et al.,

    Defendants.

Civil Action No. 3:12-CV-84

(Judge Kosik)

## ORDER

AND NOW, this day 25 of October 2012, IT APPEARING TO THE COURT THAT:

(1) Plaintiff, Joseph Breeland, an inmate at the State Correctional Institution Forest ("SCI-Forest"), filed a *pro se* Complaint on January 13, 2012. (Doc. 1).

(2) After Defendants filed a motion to dismiss the complaint, or in the alternative, for a more definite statement (Doc. 34), Plaintiff responded by filing an Amended Complaint (Doc. 38).

(3) The Amended Complaint named three (3) defendants - Correctional Officers Anders and Vogt, and Nurse Mary - and alleged Eighth Amendment violations based upon alleged use of excessive force and deliberate indifference to serious medical needs arising out of an incident which allegedly occurred in September 2011 at the State Correctional Institution Smithfield ("SCI-Smithfield"). (Doc. 38).

(4) Following an April 24, 2012 Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 39), this Court issued an Order adopting the R&R, construing the Amended Complaint (Doc. 38) as the Complaint in this action, terminating the remaining Defendants not named in the Amended Complaint from the action, and remanding the case back to the Magistrate Judge for further proceedings. (Doc. 49).

(5) On May 25, 2012, Defendants filed a Motion to Dismiss Plaintiff's Amended

Complaint, along with a brief in support and an appendix. (Doc. 56, 57, 58).

(6) Plaintiff filed a brief in opposition to Defendants' motion on June 4, 2012. (Doc. 60).

(7) Following a July 25, 2012 R&R of Magistrate Judge Carlson (Doc. 66), this Court issued an Order adopting the R&R and dismissing Plaintiff's motions for preliminary injunction, (Docs. 43 and 46), and motions for relief from retaliation and for sanctions, (Docs. 63 and 64), seeking extraordinary injunctive relief from prison officials at SCI-Camp Hill. (Doc. 68).

(8) On October 4, 2012, the Magistrate Judge issued a R&R recommending that we grant, in part, and deny, in part, Defendants' motion to dismiss. (Doc. 71).

(9) Specifically, the Magistrate Judge recommended that we grant Defendants' motion to dismiss insofar as it seeks dismissal of any claims brought against Defendants in their official capacities. (*Id.*). The Magistrate Judge recommended denying the Defendants' motion in all other respects, but noted that Defendants could renew these arguments, if they so wish, through a properly filed motion for summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure. (*Id.*).

(10) Pursuant to Local Rule 72.3, Plaintiff was given fourteen (14) days, after being served with a copy of the Report and Recommendation, to make any objections to the Magistrate Judge's proposed findings, recommendations, or report. Plaintiff failed to file objections.

AND IT FURTHER APPEARING THAT:

(11) If no objections are filed to a magistrate judge's report and recommendation, the plaintiff is not statutorily entitled to a de novo review of his claim. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

(12) We have reviewed the R&R of the Magistrate Judge, and we agree with the recommendation.

(13) Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A well-pleaded complaint must contain more than mere legal labels and conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). A complaint must recite factual allegations sufficient to show that plaintiff has a plausible claim for relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Rule 8(a) of the Federal Rules of Civil Procedure goes on to explain that a "short and plain statement of the claim showing that the pleader is entitled to relief" is also needed. Fed. R. Civ. P. 8(a).

(14) To the extent that Plaintiff seeks monetary damages from Defendants, he can only sue the state action Defendants in their individual or personal capacities. *See Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa. 2007); *Atwell v. Schweiker*, 2007 WL 2900565 (3d Cir. 2007) (Non-Precedential). Thus, Plaintiff's claims for monetary damages against Defendants in their official capacities must be dismissed.[1]

(15) The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Unnecessary and wanton infliction of pain include those that are totally without penological justification. *Hope v. Pelzer*, 536 U.S. 730, 737 (2002). Prison officials may not house inmates under conditions that deprive them of one or more basic human needs. *Helling*

---

[1] The Magistrate Judge notes that, "[a]s an initial matter, it is not entirely clear that Plaintiff has brought any claims against the Defendants in their official capacities. However, to the extent the complaint could be read to include official-capacity claims for alleged constitutional violations, such claims should be dismissed." (Doc. 71, p. 7).

3

*v. McKinney,* 509 U.S. 25, 32 (1993). In addressing an Eighth Amendment conditions of confinement claim, the United States Supreme Court has stated that the Constitution does not mandate comfortable prisons. *Farmer v. Brennan,* 511 U.S. 825, 833 (1994) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981)). In determining whether conditions are cruel and unusual, the court must look to the "evolving standards of decency that mark the progress of a maturing society." *Rhodes,* 452 U.S. at 346.

(16) The Supreme Court of the United States has stated that "the Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners in cases . . . where the deliberate use of force is challenged as excessive and unjustified." *Whitley v. Albers,* 475 U.S. 312, 327 (1986). "What is necessary to establish an 'unnecessary and wanton infliction of pain,' . . . varies according to the nature of the alleged constitutional violation." *Hudson v. McMillian,* 503 U.S. 1, 5 (1992) (quoting *Whitley,* 475 U.S. at 320). In an excessive force case, where "prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley* [*v. Albers,* 475 U.S. 312 (1986)]: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson,* 503 U.S. at 6-7 (1992).

(17) To sustain an Eighth Amendment claim for deliberate indifference to a medical need, the plaintiff must establish that (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official must have a sufficiently culpable state of mind, i.e., a state of mind that is deliberately indifferent to inmate health or safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *see also Spruill v. Gillis,* 372 F.3d 218 237 (3d Cir. 2004).

(18) As the Magistrate Judge explains, Plaintiff's Amended Complaint successfully alleges Eighth Amendment claims, specifically that Plaintiff "was assaulted without

provocation by staff while he was helpless and in restraints, alleging that he was shoved, hunched (sic) and kicked by staff, and suffered injuries including injuries to his genitals. [Plaintiff] further alleges that he was seen by medical staff, 'Nurse Mary,' shortly after this assault and that his requests for medical care and treatment were ignored." (Doc. 71, p. 16).

(19) We will adopt the R&R of the Magistrate Judge and will deny, in part, and grant, in part, Defendants' motion to dismiss. We will also remand this case back to Magistrate Judge Carlson for further proceedings consistent with this Order.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The October 4, 2012 Report and Recommendation (Doc. 71) of Magistrate Judge Carlson is ADOPTED;

(2) Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 56) is GRANTED, in part, and DENIED, in part;

(3) To the extent that Plaintiff is suing Defendants in their official capacities, the motion will be GRANTED;

(4) In all other respect, Defendants' motion will be DENIED;

(5) The above-captioned action is REMANDED to the Magistrate Judge for further proceedings consistent with this Order.

Edwin M. Kosik
United States District Judge