UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
NOV - 5 2013
PER _____
DEPUTY CLERK

JOSEPH BREELAND,
    Plaintiff,

v.

SUPT. J. FISHER, et al.,
    Defendants.

CIVIL ACTION NO. 3:12-CV-084

(Judge Kosik)

## ORDER

AND NOW, this 5th day of November, 2013, IT APPEARING TO THE COURT THAT:

(1) Plaintiff, Joseph Breeland, a prisoner confined at the State Correctional Institution at Forest, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. §1983 on January 13, 2012[1];

(2) The action was assigned to Magistrate Judge Martin C. Carlson for Report and Recommendation;

(3) On October 10, 2013, the Magistrate Judge issued a Report and Recommendation (Doc. 110), wherein he recommended that Defendant's motion for summary judgment (Doc. 95) be granted;

(4) Specifically, the Magistrate Judge finds that regarding the exhaustion of administrative remedies, Plaintiff failed to file a timely appeal of his grievance denials with the Secretary's Office For Inmate Grievances and Appeals and that Plaintiff's explanations for his failure to exhaust are not sufficient to excuse the exhaustion requirement;

(5) On October 24, 2013, Plaintiff filed a "Notice of Appeal" (Doc. 111);

---

[1] This action is based on incidents which occurred while Plaintiff was confined at the State Correctional Institution at Smithfield.

(6) In his "Notice of Appeal", Plaintiff references Fed. R. Civ. P. 59(e) and states that he appeals this matter to the "Third Circuit of Pennsylvania" and to the "U.S. Court of Appeals for the Middle District". Plaintiff further states that: "Plaintiff did exhaust his administrative remedies but the Honorable Court fails to realize this." The "Notice of Appeal" was docketed as Objections to the Report and Recommendation (Doc. 111);

(7) Rule 59(e) relates to a motion to alter or amend a judgment. No judgment has been entered in this matter. Moreover, Plaintiff raises an issue regarding the Magistrate Judge's findings concerning the exhaustion of administrative remedies. Accordingly, we will construe plaintiff's "Notice of Appeal" (Doc. 111) as Objections to the Report and Recommendation.

AND, IT FURTHER APPEARING THAT:

(8) When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984);

(9) We have considered the Magistrate Judge's Report and we concur with his recommendation;

(10) As the Magistrate Judge points out, the exhaustion of available administrative remedies prior to filing suit is mandatory. While the record indicates that Plaintiff filed a grievance and pursued it through the first two levels of review, he

never appealed the grievance to the final review, the Secretary's Office For Inmate Grievances and Appeals. As the Magistrate Judge indicates, Plaintiff sets forth several inconsistent claims regarding whether he did, or did not, exhaust his administrative remedies and the reasons for his conduct. We agree with the Magistrate Judge that the record before us reflects that Plaintiff never exhausted his administrative remedies and that Defendants' Motion for Summary Judgment should be granted.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:;

(1) The Report and Recommendation of Magistrate Judge Martin C. Carlson dated October 10, 2013 (Doc. 110) is **ADOPTED**;

(2) Defendants' motion for summary judgment (Doc. 95) is **GRANTED**;

(3) Judgment is hereby **ENTERED** in favor of the Defendants and against the Plaintiff; and

(4) The Clerk of Court is directed to **CLOSE** this case and to forward a copy of this Order to the Magistrate Judge.

_____
Edwin M. Kosik
United States District Judge